UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RAYMOND SERRANI,
a citizen and resident of Indiana,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation, d.b.a.
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAYMOND SERRANI, a resident of Indiana files this Complaint against Defendant CARNIVAL CORPORATION, a Panamanian Corporation, with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES ("CARNIVAL") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff RAYMOND SERRANI is *sui juris* and is a permanent resident of Indiana.

3. Defendant CARNIVAL is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida.

4. This court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1332 as the causes of action asserted are maritime torts occurring on navigable waters and implicating traditional maritime activity, specifically the operation of a passenger cruise vessel.

5. The Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

6. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

7. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. The ticket contract between the parties, which was drafted by or on behalf of CARNIVAL without any negotiations with the Plaintiffs, required all fare paying passengers to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Furthermore, CARNIVAL does business in this judicial district and has its principal place of business in this district. Venue is therefore proper in this Court.

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

9. At all material times, Defendant CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "MARDI GRAS".

10. At all material times, CARNIVAL operated, managed, maintained and was in exclusive control of the "MARDI GRAS".

11. At all material times, including the injury date of June 25, 2022, Plaintiff was a fare paying passenger aboard the "MARDI GRAS" and in that capacity was lawfully present aboard the vessel.

12. At all material times, CARNIVAL owed Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to maintain the vessel in a reasonably safe condition.

13. At all material times, including the injury date of June 25, 202, there existed a dangerous condition on the staircase used by passengers going and coming from the Patio Pool ("pool") on Deck 8, of the "MARDI GRAS," specifically water or a wet, slippery substance on the stairs, creating a slip and fall hazard for passengers descending the steps of the staircase.

14. On June 25, 2022, at approximately 4:00 p.m., while the Plaintiff was aboard the "MARDI GRAS" as a fare paying passenger, he was descending the steps of the staircase from the pool on Deck 8 to the surrounding pool deck. The stairs were the only means of passenger access to, ingress to, and egress from the onboard pool. These stairs had only one handrail.

15. At all material times, the staircase referenced in the preceding paragraph was in a high traffic area due to its frequent use by passengers using going and coming from the pool on Deck 8. The staircase was frequently traversed by passengers using the pool, wet from that use, and wearing wet swimming clothes.

16. At all material times, including the injury date of June 25, 2022, the Defendant had actual or constructive notice of the water or wet, slippery substance on the staircase described above. Defendant's notice came from inspections of the area by its crewmembers, prior slip and fall incidents on the staircase and similar staircases on its vessel and other vessels of the same class due to the presence of water or wet, slippery contaminants, and the existence of

the wet slippery condition of the Deck 8 staircase for a sufficient period of time to invite corrective measures.

17. At the time and place referenced in Paragraph 14 above, while descending the staircase from the pool, Plaintiff slipped on water or a wet, transitory substance, fell, and thereby sustained serious injuries to his left ankle, including a lateral malleolus fracture, requiring a left lateral malleolus open reduction and internal fixation surgery (ORIF), a left deltoid ligament primary repair, and a left ankle joint arthroscopy.

18. As a direct and proximate result of CARNIVAL's negligence and resulting fall alleged above, Plaintiff was injured in and about his body and extremities, sustaining injuries to his to his left ankle, including a lateral malleolus fracture, requiring a left lateral malleolus open reduction and internal fixation surgery (ORIF), a left deltoid ligament primary repair, and a left ankle joint arthroscopy. and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses in the past and is reasonably certain to occur such expenses in the future as a result of his injuries. Plaintiff has also suffered lost wages and benefits in the past and a loss of future earning capacity.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

19. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 18 above and further alleges the following matters.

20. At all material times Defendant CARNIVAL owed the Plaintiff RAYMOND SERRANI, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for

his safety, including a duty to maintain the onboard stairs and staircase referenced in Paragraph 14 in a reasonably safe condition for passenger use.

21. At all material times there existed hazardous conditions on the staircase referenced in Paragraph 13, as described in paragraphs 14 through 16 above.

22. At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 13 above, for the reasons set forth in paragraphs 14 through 16 above.

23. Notwithstanding its actual or constructive knowledge of the dangerous condition of the staircase referenced in Paragraph 13, Defendant CARNIVAL failed to correct the hazardous condition before the Plaintiff slipped and fell as alleged in paragraph 14 above.

The specific material negligent acts and omissions by CARNIVAL included failure to conduct sufficient routine inspections of the staircase in question, failure to clean and dry wet, slippery areas on the stairs and staircase of which it had actual or constructive notice, failure to apply mats or other non-skid or skid resistant coverings or materials to the steps of the staircase at the material times, and failure to cordon off the dangerous area or direct passenger foot traffic away from it.  CARNIVAL was thereby negligent in its maintenance of the stairs and staircase.

24. As a direct and proximate result of the negligence of CARNIVAL described above, the Plaintiff RAYMOND SERRANI slipped and fell as described in Paragraph 14 above and thereby has sustained and will continue in the future to sustain the damages described in Paragraph 18 above.

**WHEREFORE,** the Plaintiff RAYMOND SERRANI demands judgment against Defendant CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD

25. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 18 above and further alleges the following matters.

26. At all material times Defendant CARNIVAL owed the Plaintiff RAYMOND SERRANI, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to warn him of onboard conditions posing hazards, such as the wet and slippery condition of the stairs and staircase referenced in Paragraph 14.

27. At all material times there existed hazardous conditions on the staircase referenced in Paragraph 13, as described in paragraphs 14 through 16 above.

28. At all material times the Defendant had actual or constructive notice of the hazardous conditions referenced in Paragraph 13 above, for the reasons set forth in paragraphs 14 through 16 above.

29. Notwithstanding its actual or constructive knowledge of the dangerous condition of the staircase referenced in Paragraph 13, Defendant CARNIVAL failed at all material times to warn passengers including the Plaintiff adequately of it by orally delivered or written warnings, appropriate signage or markings, cordoning off the dangerous area, or otherwise, and thereby failed to exercise reasonable care for the safety of its passengers and was thereby negligent.

30. As a direct and proximate result of the negligence of CARNIVAL described above, the Plaintiff RAYMOND SERRANI slipped and fell as described in Paragraph 14 above and thereby has sustained and will continue in the future to sustain the damages described in Paragraph 18 above.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 23rd day of June, 2023.

                                  ***s/Philip Gerson***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
Shannon Crosby
Florida Bar No. 1010207
scrosby@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749
*Attorneys for Plaintiff*